**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alexis Payano,<br><br>        Plaintiff,<br> -v-<br><br>NYCOM Electrical Corp. and<br>Bobby Karas,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

  Plaintiff Alexis Payano ("Plaintiff" or "Payano"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants NYCOM Electrical Corp. and Bobby Karas (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate and 1.5 times the applicable New York State minimum wage rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages – including his unpaid overtime wages, wage deductions, under Article 6 of the New York Labor Law including Section 191, 193,

1

and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendants because, in good faith, he complained of and opposed Defendants' failure to pay his required wages/benefits. Such retaliatory termination violates NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under this statute.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Alexis Payano ("Plaintiff" or "Payano") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant NYCOM Electrical Corp. ("NYCOM") was a New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, Defendant Bobby Karas ("Karas") owned, operated and managed, the corporate Defendant NYCOM and Plaintiff's employment with Defendants.

11. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, paying and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

12. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly owned/operated a place of business in Queens County, New York at 36-48 34th St, Long Island City, NY 11106, where Plaintiff was employed.

13. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## **STATEMENT OF FACTS**

14. Upon information and belief, and at all relevant times herein, Defendants were in the business of providing electrical and repair services.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed about 30 or more employees.

16. Plaintiff was employed by Defendants, individually and/or jointly, from in or around September 2021 to on or about February 16, 2022.

17. At all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as an electrical repair person.

18. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last hourly rate of pay was about $21.00 an hour.

19. At all times relevant herein, Plaintiff worked about 45-54 or more hours each week during his employment with Defendants; 5-6 days a week, with the exception of about 3-4 weeks.

20. At all times relevant herein, Defendants had a policy and practice of improperly deducting about 30-60 minutes or more each day from Plaintiff's work time. However, due to the demands of his job and as required by Defendants, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL – as further reflected in the time records. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5-6 overtime hours worked each week during his employment with Defendants, which he seeks to recover with this action and for which he was not paid any wages.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR § 142.2-6 are incorporated herein by reference.

22. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

23. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

24. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

25. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

26. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, conducted business with vendors and other businesses outside the State of New York.

27. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, conducted business in interstate commerce involving the purchase of equipment, materials, and supplies.

28. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

31. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems – Plaintiff also used cellphone as a regular part of his job herein with Defendants.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR § 516.4; 12 NYCRR § 142-2.8), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

33. "Plaintiff" as used in this complaint refers to the named Plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

37. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

40. Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142 (Unpaid Overtime)

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually

43. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

44. Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

45. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid wages – including his unpaid overtime wages, wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-

7

b), as well as an injunction directing defendants to comply with NYLL § 195(1).

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### Relief Demanded

50. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages – including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### RETALIATION/DISCRIMINATION - NYLL § 215

51. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

52. At all times relevant herein, Plaintiff was employed by Defendant within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

53. At all times relevant herein, Defendant was a covered persons and/or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

54. On or about December 22, 2021, Plaintiff tested positive for the COVID19 virus after symptoms and was required to continue quarantine at home as a result - including with the knowledge and approval of Defendants.

55. In early January 2022, Plaintiff returned to work after quarantine and subsequently found out that Defendants had used Plaintiff's earned and accrued paid time off to pay Plaintiff

8

instead of paying Plaintiff separately under New York Covid-19 Law - S. 8091 (N.Y. 2020)[1].

56. Plaintiff opposed and objected in good faith to Defendants' decision to use his earned and accrued paid time off and Defendants' refusal to pay Plaintiff COVID-19 wages. Plaintiff's earned and accrued paid time off as well as COVID-19 paid time off, constituted wages and benefits under NYLL 198[2] - Plaintiff's objection and opposition to Defendants failure to properly pay these wages and benefits constituted protected activity under NYLL § 215.

57. In response to Plaintiff's protected activity in the form of his good faith opposition and objections to not being paid his wages and benefits as required by law, Defendants, through Defendant Bobby Karas, terminated Plaintiff's employment on or about February 16, 2022.

58. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages/benefits as further set forth above.

59. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

---

[1] https://www.ny.gov/sites/default/files/atoms/files/PSL_FAQ_PaidSickLeaveFAQ.pdf ("Sick leave under this law is separate and additional to the quarantine leave for employees subject to a precautionary or mandatory order of quarantine or isolation related to COVID-19 (Ch. 25 of the laws of 2020), and use of COVID-19 leave does not impact or otherwise utilize an employee's paid sick leave accruals or usage.")

[2] *Palmer v. Amazon.com, Inc.,* 498 F. Supp. 3d 359, 376 (E.D.N.Y. 2020)('COVID-19 leave is a form of paid sick leave. See S. 8091 (N.Y. 2020) ("An act providing requirements for sick leave and the provision of certain employee benefits when such employee is subject to a mandatory or precautionary order of quarantine or isolation due to COVID-19"). Courts in this Circuit regularly find that sick leave constitutes a benefit or wage supplement for purposes of the Labor Law. See Sosnowy v. A. Perri Farms, Inc., 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011) ("vacation and sick day payments" are benefits or wage supplements excepted from the definition of wages for purposes of § 191); see also Chan v. Big Geyser, Inc., No. 17-CV-06473, 2018 WL 4168967, at *5 (S.D.N.Y. Aug. 30, 2018) (suggesting that vacation and sick pay fall under § 198-c's benefits or wage supplements); Quinones v. PRC Mgmt. Co. LLC, No. 14-CV-9064, 2015 WL 4095263, at *5 (S.D.N.Y. July 7, 2015) (paid vacation and sick leave constitute wage supplements); Crawford v. Coram Fire Dist., No. 12-CV-3850, 2015 WL 10044273, at *5 (E.D.N.Y. May 4, 2015) (suggesting that vacation and sick pay fall are benefits or wage supplements); Litras v. PVM Int'l Corp., No. 11-CV-5695, 2013 WL 4118482, at *10 (E.D.N.Y. Aug. 15, 2013) (same).').

**Relief Demanded**

60. Defendants' have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

62. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

63. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

64. As to the **Third Cause of Action**, award Plaintiff all unpaid wages – including his unpaid wages overtime wages, wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL § 195(1) and NYLL § 195(3).

65. As to his **Fourth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

66. Award Plaintiff prejudgment interest on all monies due;

67. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

68. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **April 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF